Filed 1/8/2025 1:25 PM
Anna Kabela
District Clerk
Calhoun County, Texas

Leticia Garcia, Deputy

CAUSE NO. 2025-CV-5222-DC

| | | |
|---|---|---|
| ROHE BUILDERS, LP AND CBPB PARTNERS, LLC | § § | IN THE DISTRICT COURT |
| Plaintiff | § § | Calhoun County - 135th District Court |
| v. | § § | _____ JUDICIAL DISTRICT |
| MID-CONTINENT CASUALTY COMPANY | § § | |
| Defendant | § | CALHOUN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Rohe Builders, LP (hereinafter sometimes referred to as "Rohe Builders"), complaining of Mid-Continent Casualty Company (hereinafter sometimes referred to as "Mid-Continent"), and for their complaint would show unto the Court as follows:

### I.   NATURE OF THE ACTION

1.   This is an action for breach of an insurance contract, for failure to pay an arbitration award covered by an insurance policy issued by Mid-Continent to Rohe Builders. A claim was brought by Larry Lopez and Rosemary Lopez (collectively, hereinafter sometimes referred to as "Lopez") complaining that Rohe Builders caused water damage to their home, among other complaints. This claim was turned in to Mid-Continent for a defense, and Mid-Continent agreed to defend. That defense was unsuccessful and resulted in an arbitration award and final judgment being entered against Rohe Builders in favor of Lopez. After that award, Mid-Continent was asked to respond and pay sums owed under its policy for that claim. However, because Mid-Continent has failed to make any such payment, Rohe Builders has been forced to bring this suit to collect the sums due and owing under Mid-Continent's insurance policy.

### II.   THE PARTIES

2.   Rohe Builders, LP is a Texas limited partnership, with its General Partner being CBPB Partners, LLC, a Texas limited liability company.

1

4913-9499-0090, v. 2

3.    Mid-Continent Casualty Company is an insurance company licensed to do business in the State of Texas and may be served at 1437 South Boulder, Suite 200, Tulsa, Oklahoma 74119 through the Texas Commissioner of Insurance, Cassie Brown, 1602 Congress Avenue, Austin, Texas 78701.

### III.    JURISDICTION AND VENUE

4.    This court has subject matter over the claims in this action. The amount of controversy exceeds $250,000.00, but is less than $1,000,000.00, within the jurisdictional limits of this court.

5.    Venue of this case is proper in this County, as a County where the Plaintiff is located, where the cause of action arose, and where the injuries occurred. Specifically, this is a suit for insurance coverage for an underlying arbitration, which resulted in a final judgment, all of which occurred in Calhoun County. The damages sought occurred within Calhoun County.

### IV.    MID-CONTINENT'S INSURANCE POLICIES

6.    Mid-Continent issued three policies of insurance to Rohe Builders, LP, for the policy periods of October 31, 2018 through October 31, 2019, for October 31, 2019 through October 31, 2020, and for October 31, 2020 through October 31, 2021. These policies were in full force at the time the damages occurred for which claims were made in the arbitration.

7.    Rohe Builders, LP was the name insured on all three policies.

### V.    ALL THREE POLICIES DEFINED

8.    The Lopez' claim against the Rohe Builders was submitted to Mid-Continent requesting coverage in a defense. Mid-Continent agreed to provide a defense in a letter from Mid-Continent's Assistant Vice President Keith A. Nye, advising Rohe Builders that the Lopez claims would be defended by Michele Smith, with a firm of Mehaffy Weber; and that the supervisor handling the claim would be Ms. Hollie Granhold, in a letter to Rohe Builders dated January 26, 2024.

2

9. The arbitration proceeded through discovery and a hearing before an arbitrator. The defense of the Lopez claim was unsuccessful and resulted in an arbitration award in favor of the Lopez' against Rohe Builders. The award included an award for the cost of repairing the damages to the Lopez home in the amount of $396,912.00, an award for engineering and consulting fees incurred by the Lopez's in the amount of $19,663.87, attorneys' fees through the end of the arbitration in the amount of $112,608.84, an award of an additional $2,500.00 in attorneys' fees in the event the award was not paid and it was reduced to judgment, interest through the date of the award on the damages in the amount of $105,268.25, with an award of additional post-judgment interest if the award was not timely paid. The award provided that it should be paid within thirty (30) days of the date of the award to avoid additional sums being owed, that is by August 19, 2024. The total sum due and owing by August 19, 2024, was $636,952.96.

10. The award was immediately forwarded to Mid-Continent, and its handling claims adjuster Ms. Granhold, requesting that Mid-Continent respond by payment.

## VI. MID-CONTINENT'S RESPONSE TO THE AWARD

11. The award and request for payment was forwarded to Mid-Continent and Ms. Granhold on or about July 19, 2024. On July 29, 2024, Ms. Granhold responded that Mid-Continent "is reviewing the judgment for covered damages on behalf of Rohe Builders."

12. On August 13, 2024, Ms. Granhold advised Rohe Builders that Mid-Continent had retained coverage counsel to review the judgment/award, and that "we should have an answer soon."

13. On August 19, 2024, the deadline to pay the award, without incurring additional sums passed, with no response from Mid-Continent.

14. On August 21, 2024, Rohe Builders reminded Ms. Granhold that the deadline had passed, that additional sums were accruing because Mid-Continent had not timely responded, and again requested that Mid-Continent respond. Later that day, Rohe Builders learned that the Lopez

3

counsel was beginning its efforts to collect the judgment, which had the potential to seriously and adversely affect their business. Ms. Granhold replied later that day that "we may not have an answer until tomorrow", that is until August 22, 2024, three days after the deadline.

15.     No further response was received from Mid-Continent until September 16, 2024. That formal response included a lengthy discussion of the award and damages, and concluded that

> "The attorneys' fees and costs and expenses awarded may be covered. In order to resolve this matter and avoid further expense Mid-Continent is willing to contribute $160,000.00 to the settlement of this matter."

Although making this offer, Mid-Continent did not pay anything.

16.     On or about October 9, 2024, Plaintiffs went ahead and entered judgment on the arbitration award and began collection efforts. The judgment included the additional attorneys' fees awarded of $2,500.00, plus an additional post-arbitration award interest sum of $7,529.10. On October 11, 2024, the Lopez's attorney filed for ex parte relief from the Court to assist their collection efforts.

17.     On October 14, 2024, the Court entered a turnover order in aid of collection, appointing a receiver to take possession of all Rohe Builders property, including its bank accounts, and with power to sell all of its assets. Effectively, a successful ongoing business was taken out of the control of its owners, and was subject to being destroyed.

18.     On October 18, 2024, having heard little or nothing, and received nothing from Mid-Continent, Rohe Builders arranged to satisfy the then-due amounts on the award, which totaled $655,367.18.

### VII.   CAUSE OF ACTION – BREACH OF CONTRACT

19.     Rohe Builders brings this claim for the damages proximately resulting from Mid-Continent's breach of contract, that is, the obligations under its contract of insurance. Mid-Continent was not only obligated to defend claims for water damage to the Lopez property, Mid-Continent was obligated to pay all sums awarded as damages resulting from those claims.

4

Although Mid-Continent has never denied that it owes anything, it has never paid anything. Mid-Continent's failure to honor its contractual promises to Rohe Builders has forced Rohe Builders to hire attorneys and bring this lawsuit seeking what is owed them under the Mid-Continent policies. All conditions precedent have been satisfied.

<strong>VIII.   ATTORNEYS' FEES</strong>

20.     Pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code, Rohe Builders may recover its reasonably necessary attorneys' fees in bringing this claim, as it is based on a written contract. Rohe Builders is represented by legal counsel, has presented its claims to Mid-Continent, and Mid-Continent has failed to pay more than thirty (30) days prior to a trial in this case.

21.     Rohe Builders seeks all its reasonable, necessary, equitable, and just attorneys' fees incurred in the prosecution of its claims against Mid-Continent.

<strong>IX.     NOTICE OF INTENT TO USE DISCOVERY AT TRIAL</strong>

22.     Pursuant to Texas Rules of Civil Procedure 193.7, Plaintiff hereby gives notices that Plaintiff intends to use all discovery instruments produced in this case at trial. Such discovery instruments include, but are not limited to, all documents Travelers has or will produce in response to Plaintiff's written discovery requests.

<strong>X.     PRAYER</strong>

23.     Based upon the foregoing, Rohe Builders prays for relief against Mid-Continent for its actual damages arising from Mid-Continent's breach of its insurance policies, all reasonable, necessary, equitable, and just attorneys' fees incurred in prosecuting these claims, pre-judgment and post-judgment interest allowed by law for its damages, all costs and fees of these proceedings, and for such other further relief to which it may show itself to be justly entitled.

5

## XI.    JURY DEMAND

24.    Rohe Builders hereby demands a trial by jury as to any matters so triable.

Respectfully submitted,

LANGLEY & BANACK, INC.
745 East Mulberry Avenue
Suite 700
San Antonio, Texas 78212
Telephone:  (210) 736-6600
Facsimile:  (210) 735-6889

By: _____
STEPHEN E. WALRAVEN
State Bar No. 20796800
Email:  swalraven@langleybanack.com
NATALIE F. WILSON
State Bar No. 24067769
Email:  nwilson@langleybanack.com

*ATTORNEYS FOR PLAINTIFF*

ODEFEY, WITTE, WALL & VILLAFRANCA, LLP
2206 Hwy 35 N
Port Lavaca, Texas 77979
Telephone:  (361) 552-2971
Facsimile:  (361) 552-5368

By: _____
JOHN T. VILLAFRANCA
State Bar No. 24096639
Email:  john@portlavacalaw.com

6

4913-9499-0090, v. 2